64  535
s184s263

Margaret Marsh, Eleanor Aldrich, Louis S. Aldrich, F.
Cornwall Sherman, Jr., Sherman Alexander
Charles, Martha Charles and Frances
Charles, by Gilbert E. Porter,
their Guardian ad Litem,
v. Edward H. Reed et al.

1.  Trust Estates—*Power of Chancery to Change.*—When necessity
requires it, a court of chancery has power to change the limitations and
provisions governing trust estates.

Bill to Change a Trust.—Appeal from the Superior Court of Cook
County; the Hon. John Barton Payne, Judge, presiding. Heard in
this court at the March term, 1896. Affirmed. Opinion filed June 1,
1896.

Gilbert E. Porter, guardian *ad litem* and attorney for
appellants, contended that the court exceeded its jurisdiction
in the premises; that the intention of the testator, as ex-
pressed in said clause, is clear and unambiguous, and the
decree violates that intention; and that while in the light of
the present condition of the property said restriction upon
the power of the trustees to lease was unwise and now op-
erates disastrously to the interests of the *cestuis que trustent*,
yet a court of chancery can not interfere upon the sole
ground of such unwisdom, but cited no authorities.

Wilson, Moore & McIlvaine, attorneys for appellees.

A court of chancery has power in cases of necessity to
order a disposition of trust estates which is not in accord-
ance with the provisions of the instrument creating the
trust.

" A case may exist where the property was unproductive,
as in this case, but where the *cestui que trust* was absolutely
perishing from want, or forced to the poor-house, or where
the trustee could not possibly raise the means to pay the
taxes upon the property, and thus save it from a public sale

and a total loss. Can it be said that the beneficiary of an estate which would bring in the market $100,000, should perish in the street from want, or be sent to the poor-house for support, or that the estate should be totally lost, because there is no power in the courts to relieve against the provisions of the instrument creating this trust? Exigencies often arise not contemplated by the party creating the trust, and which, had they been anticipated, would undoubtedly have been provided for, where the aid of the court of chancery must be invoked to grant relief imperatively required; and in such cases the court must, as far as may be, occupy the place of the party creating the trust, and do with the fund what he would have dictated had he anticipated the emergency." Curtiss v. Brown, 29 Ill. 501.

In the case of Voris v. Sloan, 68 Ill. 588, the court said: The first question, and that which lies at the threshold, is, whether the court has power to break in upon the terms of a trust, and to pervert or change the terms and conditions imposed by the creator of the trust. In the case of Curtiss v. Brown, 28 Ill. 201, after a review of the authorities, it was determined that the power might be exercised in extreme cases.

In Dodge, conservator, v. Cole, 97 Ill. 338, the cases of Curtiss v. Brown, *supra*, and Voris v. Sloan, *supra*, are cited with approval. In the case of Longworth v. Riggs, 123 Ill. 258, the court said:

" And in Voris v. Sloan, 68 Ill. 588, where, unless the court interposed, the trust property would be lost, and after citing Curtiss v. Brown, the general principle was announced that in cases of urgent necessity the trust might be broken in upon, to the perversion and change of the condition imposed by the trust."

In Hale v. Hale, 146 Ill. 227, a bill was filed by trustees asking authority to sell real estate in Cook county which the trustees under the will creating the trust had no power to sell, thereby breaking in upon the terms and limitations of the trust. A decree was entered in conformity with the prayer of the bill, and was sustained by the Supreme Court

in an elaborate opinion.   The Supreme Court affirmed the decree, citing with approval the case of Curtiss v. Brown, *supra*, Dodge v. Cole, *supra*, and Longworth v. Riggs, *supra*.

OPINION PER CURIAM.

The appeal in this case is prosecuted by the guardian *ad litem* of infant defendants from a decree authorizing the trustee under the will of Francis C. Sherman, deceased, to lease the trust estate for a term of ninety-nine years, notwithstanding a provision contained in the will that no lease should be for a longer term than ten years.   The facts established by the evidence show that it is for the interest of all the beneficiaries under this trust that the decree should stand, and that without such decree a trust estate of more than a million of dollars will be practically unproductive and the children of the testator, the primary object of his bounty, will be deprived of the income which he intended they should receive.   The children, grandchildren and great-grandchildren of the testator are parties to this suit, and his children and grandchildren are all adults and consent to the entry of the decree.   The great-grandchildren have only a contingent interest in the trust estate, dependent upon their surviving and their parents being dead at the date of the termination of the trust.

No question is made, nor could any be made upon the evidence in this case, as to the sufficiency of the evidence to justify the decree, if a court of chancery has the power to grant the relief given in this case by the decree.   The trustee has the title of the trust estate, with the power to lease for a term not exceeding ten years.   The effect of the decree is to do away with the limitation as to the duration of the lease which the trustee may make upon the terms provided in the decree.   It seems to us that in view of the decisions of the Supreme Court of this State the question is not an open one.   In the case of Curtiss v. Brown, 29 Ill. 201, the court said :

" Exigencies often arise not contemplated by the party

creating the trust, and which, had they been anticipated, would undoubtedly have been provided for, where the aid of the court of chancery must be invoked to grant relief imperatively required; and in such cases the court must, as far as may be, occupy the place of the party creating the trust, and do with the fund what he would have dictated, had he anticipated the emergency."

In the case of Voris v. Sloan, 68 Ill. 588, it was held that a court of chancery has power to break in upon the terms of a trust and to change the terms and conditions imposed by the person creating it in extreme cases. The same doctrine was held in the recent case of Hale v. Hale, 146 Ill. 227, in which a decree authorizing a trustee to sell real estate where the will creating the trust gave no power of sale was sustained. In our opinion it is the settled law of this State that where necessity requires it, a court of chancery has power to change and alter the limitations and provisions covering trust estates. It being the duty of the court in such case to occupy the place of the party creating the trust, and to do with the fund what he would have dictated had he anticipated the emergency, we have no hesitation in affirming the decree in this case.